1834.

VAN SCHAICK
v.
STUYVESANT

---

Van Schaick and others *v.* Stuyvesant and others.

---

Where a deed of property which ought to have been made by the ancestor and in which infant heirs have an interest, is directed to be executed, their guardian *ad litem* signs for them. And adult parties must execute in their own proper persons.

---

May 12.
1834.

Practice.
Deed.
Infants.

Nicholas W. Stuyvesant had entered into an agreement for the sale and conveyance of real estate in the city of New York; and the purchasers were to give mortgages for parts of the consideration money. One of the deeds was made out in favor of Peter Stuyvesant only, whereas the name of Francis Salmon ought also to have been inserted; and Nicholas died before he could execute a proper deed to the said Peter and Francis. He left a will and codicil. A bill was now filed to obtain a decree for the heirs of Nicholas W. Stuyvesant to convey to Peter Stuyvesant and Francis Salmon the land which was to have been transferred by the testator. Some of these heirs were infants. A decree, pursuant to the prayer of the bill, was obtained. The draft of it required a master to execute the necessary conveyance " for and in behalf of the infant defendants in this cause and in their names and also for and in behalf of and in the name of any

or either of the adult defendants, in case any or either of them declined or neglected to execute the same." The Vice Chancellor said, there must be an alteration in this part. The general practice of the court required the guardian *ad litem* to execute, acknowledge and deliver the deed for and on behalf of the infant defendants, (2 John. Ch. R. 537.; 5. ib. 261) while the adult defendants must execute for themselves—they could be compelled to do so and the master ought not to sign or acknowledge for them.

*Mr. H. Fish,* for the complainants.